UNITED STATE OF AMERICA
DISTRICT OF MASSACHUSETTS

DOCKET: 1:20-CV-11605

| | |
|---|---|
| **GEOERGES SAADE,**<br>**GB9, Inc. d/b/a/ EXPO'S**<br>**GETO, Inc d/b/a EXPO'S II**<br>**EICS Inc., d/b/a EXPO'S III**<br>**Plaintiff's**<br><br>V.<br><br>**UNITED STATES OF AMERICA,**<br>**UNITED STATES OF AMERICA**<br>  **DEPARTMENT OF**<br>  **AGRICULTURE**<br><br>**Defendants** | COMPLAINT |

## Jurisdiction

1. This action arises under Section 14 of the Food Stamp At (7 U.S.C. 2023) and pursuant to Section 279 of the Regulations Pertaining to Retail Food Stores under the Food Stamp Program.

2. An actual controversy exists between Plaintiffs and Defendants, justiciable in character, in respect to which Plaintiffs request a declaration of their rights and appropriate further relief pursuant to the provisions of 28 U.S.C. §§ 2201, 2202, and 1651.

## Parties

3. Plaintiff, Georges B. Saade is the President, a director in, and shareholder of each of the corporations which own Expo's, Expo's II, and Expo's III. He resides in the Commonwealth of Massachusetts.

4. Plaintiff GETO Inc is a Massachusetts corporation d/b/a as Expo's II with its principle place of business at 309 Dartmouth Street, New Bedford, Massachusetts 02740. It is also known in these

COMPLAINT - 1

proceedings as Expo's.

5. Plaintiff EICS Inc., is a Massachusetts corporation d/b/a Expo's III with its principle place of business at 1643 Acushnet Avenue, New Bedford, Massachusetts 02745. It is also known in these proceedings as Expo's.

6. Plaintiff GB9 Inc., is a Massachusetts corporation d/b/a Expo's with its principle place of business at 334 Brock Avenue, New Bedford, Massachusetts 02746. It is also known in these proceedings as Expo's.

7. Defendants United States of America and United States Department of Agriculture Food and Nutrition Service (FNS) are responsible for the Food Stamp Program, and Supplemental Nutrition Program (SNAP) its administration and regulation.

## Venue

8. Venue in this court is proper because the business and corporate headquarters of Plaintiff, together with all relevant transactions, took place in New Bedford, Massachusetts and Section 14 of the Food Stamp Act (7 U.S.C. 2023) and Section 279 of the regulations with regard to the Food Stamp Act authorize judicial review of FNS final agency decisions in any court of record of the State having competent jurisdiction.

9. Plaintiffs are Massachusetts Corporations incorporated on various dates for the purpose of leasing, staffing, and running convenience stores located in New Bedford, Massachusetts, Expo's relies upon the food stamp program to attract and retain customers essential for its ongoing operations and survival as a business entity.

## Facts

10. Plaintiff, Georges B. Saade is the president of the corporations that own each convenient store

COMPLAINT - 2

and has been a shareholder in the corporation since its inception and is a member of the corporation's board of directors. He is dependent upon income from these corporations for his livelihood.

11. Defendants issued a Final Agency Decision on July 28, 2020 sustaining a Field Office conclusion that would permanently disqualify Expo's, Expo's II, and Expo's III convenience stores located in New Bedford, Massachusetts from participation in the Food Stamp Program and SNAP. The case numbers for the final agency decisions are C0230815, C0230817, C0230820.

12. Defendants negligently, and without the benefit of a preponderance of the evidence, permanently disqualified Plaintiffs from participation in SNAP from all of their location New Bedford, Massachusetts, and permanently disqualified Expo's, Expo's II, and Expo's III. from program participation.

13. As a direct result of their actions Defendants have deprived Plaintiffs of significant income, participation in the Food Stamp Program, and participation in such programs as the Massachusetts SNAP Program, as a vendor. Further, Plaintiffs will suffer irreparable injury absent a stay of the final agency decision permanently disqualifying participation in the Food Stamp program.

14. The Plaintiff, Georges Saade, was the legal owner of GMart located at 290 President Avenue, Fall River, Massachusetts in November 2017.  However, Mr. Saade did not manager or participate in the operation of the GMart.

15.  However, on July 28, 2020, the Agency's findings were as follows:

The owner of Expo submitted an application for SNAP reauthorization which was signed on October 11, 2019. The owner also submitted a signed and notarized affidavit, dated December 21, 2019, as part of the SNAP reauthorization process. The Retailer Operations Division determined that the store owner falsified the SNAP reauthorization application and the affidavit when he answered "No" to the following questions:

COMPLAINT - 3

Question 13a of the SNAP reauthorization application, which reads as follows:

13a. Has any officer, owner, partner, member, and/or manager ever been denied, withdrawn, disqualified, suspended, or been fined for SNAP, WIC, business, alcohol, tobacco, lottery, and/or health violations:
All six (6) statements of the signed affidavit, which read as follows:

1. One or more owners or managers of this firm has been involved in prior Supplemental Nutrition Assistance Program (SNAP) or Special Supplemental Nutrition Program for Women, Infants, and Children (WIC) violations.
2. One or more owners or managers of this firm has had ownership in or was a manager of a business that is or has been disqualified from SNAP or WIC.
3. Persons who were owners, managers, or employees of any firm that is or has been disqualified from SNAP or WIC are working in this store (in any capacity).
4. Persons who were owners or managers of any store that has been permanently disqualified from SNAP or WIC are financially involved or have other operational interest in this store.
5. Persons who committed an intentional program violation (IPV) as a SNAP or WIC working in this store (in any capacity).
6. One or more owners or managers of this firm are related by birth or marriage to an owner or manager of a firm that is or has been disqualified from SNAP or WIC.

16. The Retailer Operations Division further determined that the Appellant should have answered "Yes" to Question 13a of the reauthorization application and all six statements of the signed/notarized affidavit as the owner of the Appellant firm, Georges B. Saade, was an owner of the previously disqualified store, GMart (FNS# 0552177) located at 290 President Avenue, Fall River, Massachusetts 02720. The owner was permanently disqualified from the SNAP for trafficking on November 1, 2017. The record shows that Georges B. Saade is listed as the owner of Expo.

17. In December 2016, Georges Saade purchased Expos II, (Dartmouth Street). He applied for approval in the SNAP program and was accepted into the program in early 2017. In 2018, FNS requested that Expo's II update information. George Saade provided the updated information for SNAP. During the review FNS told George Saade of the November 2017 issue with GMart. Mr.

COMPLAINT - 4

Saade spoke with FNS, and after his explanation his application was renewed, and he was allowed to participate in the SNAP program without any conditions. Georges B. Saade stated that to the FNS that he was merely an owner "on paper" to assist the owner of GMart. He also stated he did not participate in the management of the store and did not work at the store.  He further stated he was never notified of the November 2017 through the manager of GMart.  Mr. Saade did not knowingly provide false information in order to mislead the FNS, in his application.

18.   In December of 2019,shortly after purchasing Expos III, (Acushnet Avenue) George Saade applied to transfer the SNAP program to his corporation.  At the time of filing the application for admittance into the Food Stamp Program and SNAP Georges B. Saade believed the prior discipline issue with GMART was resolved.  Again, Mr. Saade explained the circumstances of the GMart allegation, and Mr. Saade paid a bond and was allowed to participate in the SNAP program.  Again, Mr. Saade did not knowingly provide false information in order to mislead the FNS, in his application, because the matter was brought to their attention and they discussed the matters previously.

19. In April 2020, Mr. Saade purchased Expos (Brock Avenue).  Again Mr. Saade applied to FNS for participation in SNAP.  Mr. Saade, believed the matters were resolved because he had paid the bond in December 2019, and received permission from FNS after the November 2017 GMart issue, and had been a member in good standing with FNS and SNAP. Mr. Saade did not knowingly provide false information in order to mislead the FNS, in his application, because the matter was brought to their attention and they discussed the matters previously.

**WHEREFORE**, Plaintiffs demand:

COMPLAINT - 5

20. That defendant and its agents be enjoined during the pendency of this action and permanently from the disqualification of Expo's, Expo's II, Expo's III from participation in the Food Stamp Program.

21. That defendant pay to Plaintiffs such damages as Plaintiffs have sustained in consequence of defendant's disqualification of Expo's, Expo's II, and Expo's III and Georges B. Saade have sustained in consequence of Defendant's actions; and

22. That defendant pay to plaintiffs the costs of this action and reasonable attorney's fees to be allowed to the Plaintiffs by the Court; and

23. That defendant be subject to a stay of any administrative action pending a final judicial decision; and

24. That Plaintiffs have such other and further relief as is justice requires.

_____
Christopher Markey, Esq.
Markey & Gauvin
555 Pleasant Street, Suite 5A
New Bedford, Massachusetts 02740
(508) 717-0284
(774) 328-8238
chris@markeygauvinlaw.com
BBO 600215